# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2012

No. 12-60084
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN B. SYKES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:06-CR-36-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Melvin B. Sykes appeals the 12-month sentence he received following the revocation of his supervised release, urging that it is unreasonable and greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a). Because he did not object to the reasonableness of his sentence at the time it was imposed, review is for plain error only. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009). Thus, Sykes must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

129, 135 (2009). This court has discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Sykes urges that his sentence is too severe because his supervised release violations were predominantly for marijuana use not coupled with any new law violations. He contends that a sentence at the low end of the guidelines range was warranted, particularly given that his violations followed the loss of his job and move to a stressful living situation. Sykes also argues that the court should have considered his need for education to find skilled employment.

These arguments fail to overcome the presumption of reasonableness attached to Sykes' within guidelines sentence. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008); *see also United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The district court considered Sykes' arguments, as well as his criminal history and history of violations. Other than to simply reassert arguments considered by the district court, Sykes has not shown that the court failed to give proper weight to his arguments or to any particular § 3553(a) factor. Instead, his appellate argument is essentially an attempt to have this court reweigh the § 3553(a) factors, which we will not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Sykes' disagreement with the district court's assessment of a proper sentence does not establish that the district court committed error, plain or otherwise. *See Puckett*, 556 U.S. at 135. Accordingly, the district court's judgment is AFFIRMED.